76 F.3d 389
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wayne GROUNS, Defendant-Appellant.
 No. 93-30456.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1995.*
Decided Dec. 11, 1995.
 
 Before: SNEED, TROTT, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Wayne Grouns appeals his conviction, following a bench trial, for five counts of mail and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343. Grouns contends the district court erred by: (1) holding that the mail fraud statute only requires that the defendant intends to temporarily deprive victims of their money or property; and (2) finding there was sufficient evidence to sustain a conviction for mail fraud, when Grouns did not intend to permanently deprive victims of their property. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Intent to Defraud
 
 
 4
 Grouns contends the district erred by concluding that his intent to temporarily deprive others of the use of their money is sufficient under the mail fraud statute because the statute requires that the defendant intend to permanently deprive others of their money. This contention lacks merit.
 
 
 5
 To sustain a conviction for mail fraud, the government must prove the defendant had knowledge of the fraudulent purpose. See United States v. Olson, 925 F.2d 1170, 1176 (9th Cir.1991). "Whether [the defendant] intended that the effects of his fraud be permanent or temporary has no legal relevance." Id. at 1175. Rather, the intent to defraud others of the use of their money is sufficient. See id. (emphasis added).
 
 
 6
 Accordingly, the district court properly found that Grouns had the specific intent required under the mail fraud statute because he intended to defraud others of the use of their money. See id.
 
 II
 Sufficiency of Evidence
 
 7
 We assess the sufficiency of the evidence by considering whether, after viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Kellogg, 955 F.2d 1244, 1247 (9th Cir.1992).
 
 
 8
 To sustain a conviction for mail fraud, the government must prove that the defendant: 1) participated in a scheme or artifice to defraud; and 2) used the mails in furtherance of the scheme. See 18 U.S.C. § 1341 (1984 & Supp.1995); Kellogg, 955 F.2d at 1247. The government must also prove that the defendant had the specific intent to deceive or defraud his victims. See Kellogg, 955 F.2d at 1247.
 
 
 9
 Here, the government presented sufficient evidence for a reasonable factfinder to conclude that Grouns committed mail fraud. See id. First, the government showed that Grouns participated in a scheme to defraud based upon testimony elicited from Grouns's former customers and employees, as well as evidence of correspondence between Grouns's company ("Branson") and its customers. This evidence demonstrated that Grouns participated in a scheme in which Branson collected deposits for the construction of steel buildings, misrepresented to its customers that construction would begin soon, failed to construct the buildings and refused to grant refunds to unsatisfied customers. See Olson, 925 F.2d at 1176.
 
 
 10
 Second, the government presented sufficient evidence that Grouns used the mails in furtherance of the scheme. See id. After collecting a deposit, Branson routinely mailed its customers letters which acknowledged a delay in construction and assured them that construction would begin soon. Given the evidence presented at trial, a reasonable factfinder could have found that Grouns used mailings such as delay letters to further his fraudulent scheme. See id.; accord United States v. Manarite, 44 F.3d 1407, 1412-13 (9th Cir.) (noting that "lulling letters" which are designed to delay the victim's report of the fraudulent actions constitute mailings used in furtherance of the fraudulent scheme), cert. denied, 115 S.Ct. 2610 and 116 S.Ct. 148 (1995).
 
 
 11
 Third, the government presented evidence from which a reasonable factfinder could have determined that Grouns had the necessary fraudulent intent based upon his statements and conduct. See Kellogg, 955 F.2d at 1247 (finding that the requisite fraudulent intent was proved by circumstantial evidence); Olson, 925 F.2d at 1176 (same).
 
 
 12
 Accordingly, there was sufficient evidence for a rational factfinder to find beyond a reasonable doubt that Grouns violated the mail fraud statute. See Jackson, 443 U.S. at 324; Kellogg, 955 F.2d at 1247.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellee's and appellant's motions for oral argument are denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3